**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

OLIVER LEPPIND,

*Petitioner,*

v.

MICHAEL B. MUKASEY, Attorney
General,

*Respondent.*

No. 04-75903

Agency No.
A79-406-882

ORDER

Filed June 20, 2008

Before: Kim McLane Wardlaw and Sandra S. Ikuta,
Circuit Judges, and Jeremy D. Fogel,* District Judge.

Order;
Dissent by Judge Ikuta

---

**COUNSEL**

David Landry, San Diego, California, for the petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division,
Leslie McKay, Senior Litigation Counsel, Terri J. Scadron,
Assistant Director, Arthur L. Rabin, Attorney, Office of
Immigration Litigation, Civil Division, U.S. Department of
Justice, Washington, D.C., for the respondent.

---

*The Honorable Jeremy D. Fogel, United States District Judge for the
Northern District of California, sitting by designation.

## ORDER

This case is referred to the Ninth Circuit Mediation Office to explore a possible resolution through mediation. Because a majority of the panel has concluded that an intervening case, *Bona v. Gonzales*, 425 F.3d 663 (9th Cir. 2005), is relevant to the determination of the petition, but would remand for the Board of Immigration Appeals (BIA) to have the opportunity, which it previously did not, to apply the principles of *Bona* to the facts presented in this petition in the first instance, the majority accedes to the government's preference for mediation over remand.[1] Given the parties' agreement to alternative dispute resolution, "the strong judicial policy that favors settlements of disputes," *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 939 (9th Cir. 2007) (internal quotation marks omitted), and that the Ninth Circuit Mediation Office has proven remarkably effective in resolving, to the satisfaction of both petitioners and the government, issues arising in immigration petitions, this mediation referral order meaningfully serves the goals of judicial economy and fairness. To fully decide the question of *Bona's* applicability, as our dissenting colleague would desire, would be to substitute ourselves for the BIA as the decisionmaking body. *See INS v. Ventura*, 537 U.S. 12, 16-17 (2002).

Submission of this matter is therefore vacated until 60 days from the date of this order. Vacatur may be extended by further order of this panel or the Chief Circuit Mediator.

**IT IS SO ORDERED.**

---

[1]During oral argument, counsel for the government stated that "should the court find that *Bona* is . . . somehow pertinent to the petitioner's case, then at that point, we would submit that mediation may be appropriate." We applaud government counsel for its willingness to resolve this matter through mediation, eliminating the unnecessary expenditure of further judicial and administrative resources.

IKUTA, Circuit Judge, dissenting:

At oral argument, the government agreed to mediation only if the panel determined that *Bona v. Gonzales*, 425 F.3d 663 (9th Cir. 2005), impacted this case. The panel now submits this case to mediation without explaining why *Bona* is relevant. Because in my view the change in the law affected by *Bona* has no impact on Leppind's case, I dissent from the order referring this case to mediation.

I

In *Bona*, an arriving alien in a removal proceeding attempted to file a new application for adjustment of status with the immigration judge (IJ).[1] (The application filed by the petitioner before she was put in removal proceedings had been denied.) The IJ held that 8 C.F.R. § 245.1(c)(8) precluded him from considering the petitioner's application. That regulation stated, in pertinent part:

> (c) Ineligible aliens. The following categories of aliens are ineligible to apply for adjustment of status to that of a lawful permanent resident alien under section 245 of the Act:
>
> . . .
>
>> (8) Any arriving alien who is in removal proceedings . . . .

8 C.F.R. § 245.1 (2005). The petitioner challenged this regulation as conflicting with 8 U.S.C. § 1255(a), which provides that "[t]he status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the

---

[1] 8 C.F.R. § 1.1(q) defines "arriving alien" as "an applicant for admission coming or attempting to come into the United States at a port-of-entry . . . ."

Attorney General, in his discretion and under such regulations as he may prescribe . . . .” We agreed. Noting that 8 C.F.R. § 245.1 precluded the class of arriving aliens from applying for adjustment of status in any form, including by a direct application to a U.S. Citizenship and Immigration Services (USCIS) district director, we held:

> [I]t is this aspect of section 245.1(c)(8) which proves fatal. By entirely excluding a category of aliens from the ability to apply for adjustment, who by statute are eligible to apply for such relief, the regulation goes beyond simply regulating the manner in which such applications shall be made or the discretionary decision to grant such relief. Rather, the regulation strips statutory eligibility for such relief *in any form* from this entire category of aliens once they are placed in removal proceedings.

*Bona*, 425 F.3d at 670. In light of this fatal flaw, we struck down § 245.1 as conflicting with 8 U.S.C. § 1255(a).[2] Because the petitioner had been precluded from filing an application for adjustment of status, we granted her petition for review and remanded her case to the BIA for further proceedings. *Id.* at 670-71.

## II

*Bona* has no applicability here, because Leppind was not deprived of the ability to file an application for adjustment of status. While in the United States on an expired visa, Leppind married a U.S. citizen and then filed an adjustment of status application with the USCIS. While this application was pending, Leppind traveled to Mexico, but was stopped at the bor-

---

[2]Subsequently, the Attorney General amended the regulation. *See* Eligibility of Arriving Aliens in Removal Proceedings to Apply for Adjustment of Status and Jurisdiction to Adjudicate Applications for Adjustment of Status, 71 Fed. Reg. 27,585, 27,586 (May 12, 2006).

der when he attempted to reenter the United States. On his third attempt to reenter the United States, Leppind approached a border patrol agent and stated "citizen." Leppind was subsequently put into removal proceedings.

Unlike the alien in *Bona*, Leppind's adjustment of status application was pending throughout Leppind's removal and asylum proceedings. The IJ granted three continuances of Leppind's removal hearing in part to allow the Service further time to adjudicate the adjustment of status application. After 13 months, with the government continuing to delay in processing Leppind's application, the IJ finally decided to proceed with the removal and asylum hearing, ultimately concluding that Leppind was removable and not entitled to relief.

The IJ did not have the benefit of *Bona* in deciding Leppind's case; that decision was issued while Leppind's petition for review was pending before us. However, even if *Bona* had been decided before the IJ ruled, there is no basis for concluding that *Bona*'s invalidation of § 245.1 would have affected the IJ's decision. First, and most obviously, *Bona* invalidated a regulation that precluded an arriving alien in a removal proceeding from applying for adjustment of status. However, Leppind was not precluded from applying for adjustment of status; rather, Leppind's adjustment of status application was pending before, during and after his hearing before the IJ. On the facts of this case, Leppind simply is not among the group of arriving aliens in removal proceedings who found themselves stripped of "statutory eligibility for such relief *in any form*." *Bona*, 425 F.3d at 670. Moreover, there is no hint in the record that Leppind's adjustment of status application was affected by the existence of the invalidated regulation. Rather, the Service indicated that its disinclination to grant Leppind adjustment of status was based on its conclusion that Leppind had made a false claim of citizenship.

Nor do the IJ's statements that he lacked jurisdiction over Leppind's pending application require a different conclusion.

Had Leppind been placed in removal proceedings after *Bona* invalidated § 245.1, the IJ would still lack jurisdiction over his adjustment application. *See* 8 C.F.R. § 245.2(a)(1) (2007) (providing that USCIS, not the IJ, has jurisdiction to adjudicate an application for adjustment of status filed by an alien, except for situations not applicable here); *see also Brito v. Mukasey*, 521 F.3d 160 (2d Cir. 2008). Nothing in *Bona* suggests that requiring an alien to file an adjustment of status application with the district director rather than with the immigration judge is problematic or conflicts with a statute. *See* 425 F.3d at 670.

The evil remedied by *Bona* was the deprivation of any avenue for review of an application for adjustment of status. Because Leppind had filed his application before being placed in removal proceedings, he was not subject to that evil and thus is not entitled to any relief flowing from our decision in *Bona*. Presumably, the reason Leppind failed to raise any argument under *Bona* until requested to do so by the majority is because *Bona* is inapplicable to Leppind's case.

Turning to the two issues actually raised by Leppind in his opening brief, namely whether the IJ and BIA erred in denying him asylum and withholding of removal relief, I would deny the petition. Substantial evidence supports the agency's determination that Leppind has failed to establish eligibility for asylum and withholding of removal. *See Singh v. Gonzales*, 491 F.3d 1019, 1023 (9th Cir. 2007).

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson Reuters/West.